ROYAL BANK OF CANADA, Plaintiff and Appellee, *v.* RAMÓN GOICO ET AL., Defendants and Appellants.

No. 3929. Argued December 10, 1926.—Decided December 21, 1926.

*Arjona & Arjona* for the appellants. *Alberto S. Poventud* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Originally this court, on June 8, 1925, affirmed the judgment of the District Court of Ponce rendered on March 30, 1925. The case was sent back to Ponce and on July 1, 1925, the appellee filed its memorandum of costs. Then a motion for reconsideration was filed in this court and granted. The

appellee bank in its turn drew attention to the fact that the mandate had been in Ponce for a number of days; that this court had lost jurisdiction and that the appellants had filed their opposition to the memorandum of costs. Thereupon this court rendered the following order:

"Considering the motion raising the question of lack of jurisdiction filed by the plaintiff-appellee and it appearing from the accompanying certificate and from the record that the motion for reconsideration of the appellants was filed more than 10 days after rendition of the judgment whose reconsideration is moved for and after the entry of the judgment of the District Court and the presentation by the appellee of the memorandum of costs which was opposed by the appellants; and considering also Vol. 2 Ruling Case Law, Page 175, Par. 150, the order of this Court of July 22, 1925, is set aside, and the judgment of the District Court of Ponce of March 30, 1925, in the above entitled case is affirmed."

With the memorandum and opposition before it the District Court of Ponce proceeded, in an order, to tax costs and fix fees. The appeal is from that order and the appellants insist that the memorandum of costs was prematurely filed. The theory is that our order of reconsideration deprived the District Court of Ponce of jurisdiction and that the judgment of that court only became unappealable from the date of our final order, above transcribed.

At the time the memorandum was filed there was a judgment, apparently unappealable, in existence. At any rate, we hold that the memorandum of costs originally was not filed prematurely and we also hold that the subsequent steps of this court, by which the judgment was finally made definitely unappealable, did not invalidate the filing of the memorandum of costs. Our order of March 10, *supra,* if necessary, should be considered as re-establishing the *status quo.*

The order appealed from will be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.